UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LELAND A. JORDAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MAJOR NELSON, *et al.*,<br><br>　　　　　Defendants. | CASE NO.  C04-1554JCC<br><br>REPORT AND RECOMMENDATION |

　　　　This is a civil rights action brought under 42 U.S.C. § 1983.  Plaintiff Leland Jordan filed this action in July 2004 while he was incarcerated in the King County Jail in Seattle, Washington.  He alleges in his complaint that his constitutional rights were violated by the named defendants during the course of his incarceration at the King County Jail.  Plaintiff identifies the following individuals as defendants in this action:  Craig Nelson, Commander of the King County Jail; Nancy Light and Vicki Shumaker, Classification Specialists at the King County Jail; and, Raymond Wagonblast, a Correctional Officer at the King County Jail.[1]

---

[1] Plaintiff also identifies a John Doe defendant in his complaint.  However, plaintiff failed to provide sufficient identifying information to allow this individual to be served and, thus, defendant John Doe is not deemed a part of this action.

REPORT AND RECOMMENDATION
PAGE - 1

On February 25, 2005, defendants filed a motion for summary judgment and dismissal. (Dkt. Nos. 23-26.) Defendants' counsel subsequently notified the Court that her attempts to serve defendants' motion papers on plaintiff had been unsuccessful. (Dkt. No. 27.) Counsel advised the Court that she had mailed the papers to plaintiff at his address of record and at the King County Jail, and that both sets of papers had been returned as undeliverable. (*Id*.)

On April 6, 2005, this Court issued an Order directing plaintiff to advise the Court regarding his intent to proceed with this action. (Dkt. No. 28.) The Court noted therein that while it appeared plaintiff may have chosen to abandon this action, the Court deemed it appropriate to attempt to contact plaintiff a final time. (*Id*.) Plaintiff was advised that if he failed to respond to the Order within thirty days, or to otherwise contact the Court, the Court would proceed to rule on defendants' dispositive motion. (*Id*.) While the mail directed to plaintiff by the Court was not returned, plaintiff has not responded in any fashion to the Court's Order. In fact, plaintiff has not communicated with the Court at all since his release from custody in August 2004.

While this Court previously indicated that it would rule on defendants' dispositive motion if plaintiff failed to respond to the Court's April 6 Order, this Court now concludes that it is more appropriate to simply dismiss this action under Fed. R. Civ. P. 41(b) for failure to prosecute. The last communication plaintiff had with the Court was a letter notifying the Court of his change of address. (*See* Dkt. No. 6.) Plaintiff indicated in that letter that he could not recall whether he even had a suit filed in this Court. (*Id*.) At the time plaintiff filed his notice of change of address, the only other documents the Court had received from plaintiff were his complaint and materials related to his application to proceed *in forma pauperis*. (*See* Dkt. Nos. 1 and 5.) On this record, it is reasonable to conclude that plaintiff has chosen to abandon this action.

Accordingly, this Court recommends that this action be dismissed, without prejudice, for

REPORT AND RECOMMENDATION
PAGE - 2

1  failure to prosecute under Fed. R. Civ. P. 41(b).[2]  This Court further recommends that defendants'
2  motion for summary judgment be stricken.  A proposed order accompanies this Report and
3  Recommendation.
4       DATED this 15th day of June, 2005.

                                        /s/ James P. Donohue
                                JAMES P. DONOHUE
                                United States Magistrate Judge

---

[2] The Court notes that even if it were to proceed to consideration of defendants' dispositive motion, the recommended outcome would likely be the same.  Defendants appear to establish in their motion that plaintiff failed to exhaust his administrative remedies prior to filing his civil rights action.  Thus, even if plaintiff had chosen to proceed with this action, the Court would have been required to dismiss this action without prejudice to plaintiff refiling the action at a later date.  *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002)(per curiam).

REPORT AND RECOMMENDATION
PAGE - 3